1

2

3

4

5

6

7 # UNITED STATES DISTRICT COURT

8 EASTERN DISTRICT OF CALIFORNIA

9

10 JAMES GLASS,

Plaintiff,

11

v.

12

DONNY YOUNGBLOOD, et al.,

13

Defendants.

14

15

16

Case No. 1:22-cv-01411-SAB (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION

FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION

(ECF No. 10)

17      Plaintiff James Glass is proceeding pro se and in forma pauperis in this civil rights

18 action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate

19 Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Plaintiff's complaint in this

20 action was filed on October 26, 2022.  (ECF No. 1.)

21      On January 6, 2023, the Court screened the complaint, found no cognizable claims, and

22 granted Plaintiff thirty days to file an amended complaint.  (ECF No. 9.)

23      Plaintiff failed to file an amended complaint or otherwise respond to the Court's January

24 6, 2023 order.  Therefore, on February 14, 2023, the Court issued an order for Plaintiff to show

25 cause why the action should not be dismissed.  (ECF No. 10.)  Plaintiff has failed to respond to

26 the order to show cause and the time to do so has now passed.  Accordingly, dismissal of the

27 action is warranted.

28 ///

1

1

**I.**

2

**SCREENING REQUIREMENT**

3          The Court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

5   The Court  must dismiss a complaint or portion thereof if the prisoner has raised claims that are

6   legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

7   that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

8   1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

9          A complaint must contain "a short and plain statement of the claim showing that the

10   pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

13   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

14   that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

15   Williams, 297 F.3d 930, 934 (9th Cir. 2002).

16          Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

17   liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

18   1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

19   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

20   that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

21   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

22   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

23   liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

24   F.3d at 969.

25

**II.**

26

**COMPLAINT ALLEGATIONS**

27          On or about August 23, 2022, as Plaintiff was attempting to shower in the administrative

28   segregation unit, he was surrounded by blood, razor usage, semen, hair, used soap and soiled

1   linens.  Plaintiff stopped his shower and notified an officer that the shower was hazardous to

2   Plaintiff's health and disease prone.

3         Approximately one month later, as  of September 23, 2022, there has been no real

4   improvement to the shower conditions.  Sergeant Johnson has made it a common practice to

5   sweep the tiers but overlook the inhumane conditions.  Plaintiff was told by an unknown deputy

6   and Johnson that they are aware of the issues but yet refuse to respond.  The showers are the only

7   means to bathe.  Plaintiff was unable to use the showers in the administrative segregation unit

8   upper tier due to the conditions.  One unknown deputy commented, "damn that its bad in there"

9   and "wow it stinks my Sgt. is aware."

10                                         **III.**

11                                     **DISCUSSION**

12        **A.      Conditions of Confinement**

13        The rights of pretrial detainees are grounded in the Due Process Clause. Bell v. Wolfish,

14   441 U.S. 520, 545 (1979); Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir.

15   2008).  Detainees have a substantive due process right against restrictions that amount to

16   punishment. Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing United States v.

17   Salerno, 481 U.S. 739, 746 (1987)).   The Constitution does not mandate comfortable prisons,

18   but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994).

19        In assessing conditions of confinement  conditions of confinement for pretrial detainees,

20   the Court considers whether the conditions amount to punishment, causing harm or disability

21   significantly exceeding or independent of the inherent discomforts of confinement, or whether

22   they merely result from some legitimate governmental purpose. See Doe v. Kelly, 878 F.3d 710,

23   714, 720 (9th Cir. 2017). The Court evaluates a pretrial detainee's Fourteenth Amendment claim

24   under an objective deliberate indifference standard. See Gordon v. County of Orange, 888 F.3d

25   1118, 1124-25 (9th Cir. 2018) (applying objective standard to medical care claims and

26   describing similar treatment afforded medical care and other conditions of confinement claims)

27   (citing Kingsley v. Hendrickson, 576 U.S. 389, 400-01 (2015), and Castro v. County of Los

28   Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016)). A pretrial  detainee must  demonstrate  a

3

defendant's acts or omissions were objectively unreasonable, and identify objective facts indicating the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that objective. Kingsley, 576 U.S. at 397-98.

Here, Plaintiff's complaint does not plausibly allege any Defendant named in the complaint was responsible for the conditions of the showers in the top tier of the administrative segregation unit.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").  Further, there are insufficient facts to demonstrate that Plaintiff suffered any harm from the conditions of the showers.  That is, Plaintiff does not indicate and it remains unclear whether he was able to shower in a different area of the same or in a different unit.  Accordingly, without sufficient factual details surrounding Plaintiff's claim, the Court cannot determinate whether he states a cognizable claim for unsanitary conditions of confinement.

**B.      Supervisory Liability**

"A supervisory may be held liable under § 1983 if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000), as amended (Oct. 31, 2000). "The requisite causal connection can be established ... by setting in motion a series of acts by others ... or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks omitted).  For example, supervisors may be held liable for: "their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless ... indifference to the rights of others." Id.

///

1    Here, Plaintiff names Sheriff Donny Youngblood as a Defendant in the caption of the

2  second amended complaint.   However, he fails to set forth any factual allegations that

3  Youngblood had actual or constructive notice of the alleged conditions of the shower.   That is,

4  there are no allegations that Sheriff Youngblood was "directly involved in the allegedly

5  unconstitutional conduct" or that "he had knowledge of the constitutional deprivations

6  and acquiesced in them.   Accordingly, Plaintiff fails to state a cognizable claim for relief against

7  Sheriff Youngblood.

8                                             **IV.**

9         **FAILURE  TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

10    Here, the Court screened Plaintiff's complaint, and on January 6, 2023, an order issued

11  providing Plaintiff with the legal standards that applied to his claims, advising him of the

12  deficiencies that needed to be corrected, and granting him leave to file an amended complaint

13  within thirty days.   (ECF No. 9.)   Plaintiff did not file an amended complaint or otherwise

14  respond to the Court's January 6, 2023 order.   Therefore, on February 14, 2023, the Court

15  ordered Plaintiff to show cause within fourteen (14) days why the action should not be

16  dismissed. (ECF No. 10.)  Plaintiff failed to respond to the February 14, 2023 order.

17    Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

18  Rules or with any order of the Court may be grounds for imposition by the Court of any and all

19  sanctions . . . within the inherent power of the Court."   The Court has the inherent power to

20  control its docket and may, in the exercise of that power, impose sanctions where appropriate,

21  including dismissal of the action.   Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.

22  2000).

23     A court may dismiss an action based on a party's failure to prosecute an action, failure to

24  obey a court order, or failure to comply with local rules.   See, e.g. Ghazali v. Moran, 46 F.3d 52,

25  53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

26  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

27  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

28  comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.

1  United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

2  with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

3  of prosecution and failure to comply with local rules).

4       "In determining whether to dismiss an action for lack of prosecution, the district court is

5  required to consider several factors: '(1) the public's interest in expeditious resolution of

6  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

7  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

8  drastic sanctions.' "  Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).   These

9  factors guide a court in deciding what to do, and are not conditions that must be met in order for

10  a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d

11  1217, 1226 (9th Cir. 2006) (citation omitted).

12       In this instance, the public's interest in expeditious resolution of the litigation and the

13  Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine

14  (PPA) Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to file an amended

15  complaint within thirty days of January 6, 2023 and has not done so.  Accordingly, the operative

16  pleading is the October 26, 2022 complaint which has been found not to state a cognizable claim.

17  Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders

18  the Court's ability to move this action towards disposition.  This action can proceed no further

19  without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff

20  does not intend to diligently litigate this action.

21       Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

22  rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,

23  1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of

24  dismissal.

25       The public policy in favor of deciding cases on their merits is greatly outweighed by the

26  factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order

27  for this action to proceed, Plaintiff is required to file an amended complaint curing the

28  deficiencies in the operative pleading.  Despite being ordered to do so, Plaintiff did not file an

1  amended complaint or respond to the order to show cause and this action cannot simply remain

2  idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh

3  Plaintiff's failure to comply with the Court's orders.

4          Finally, a court's warning to a party that their failure to obey the court's order will result

5  in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;

6  Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's January 6, 2023 order

7  requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an

8  amended complaint in compliance with this order, the Court will recommend to a district judge

9  that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 9.)  In

10 addition, the Court's February 14, 2023, order to show cause specifically stated: "Plaintiff's

11 failure to comply with this order will result in a recommendation to dismiss the action." (ECF

12 No. 10.)  Thus, Plaintiff had adequate warning that dismissal would result from his

13 noncompliance with the Court's order.

**V.**

**ORDER AND RECOMMENDATION**

16         The Court has screened Plaintiff's complaint and found that it fails to state a cognizable

17 claim.  Plaintiff has failed to comply with the Court's order to file An amended complaint or

18 respond to the Court's order to show why the action should not be dismissed.  In considering the

19 factors to determine if this action should be dismissed, the Court finds that this action should be

20 dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the January 6, 2023

21 and February 14, 2023 orders, and failure to prosecute this action.

22         Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a

23 District Judge to this action.

24         Further, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's

25 failure to state a claim, failure to comply with a court order, and failure to prosecute.

26         This Findings and Recommendation is submitted to the district judge assigned to this

27 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen

28 **(14) days** of service of this Recommendation, Plaintiff may file written objections to this

7

findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."   The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 9, 2023**

UNITED STATES MAGISTRATE JUDGE